**MONTANA GOLD AND SILVER, a Montana corporation, Plaintiff and Appellant,**

v.

**OREMONT COMPANY, a Washington corporation, Defendant and Cross-Complainant and Appellee,**

v.

**W. A. HALL,** * **Cross-Defendant.**

**No. 26533.**

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1972.

---

* The controversy in respect to Hall, a cross-defendant in the court below, is not involved in this appeal.

Walter H. Bolkovatz, of Bolkovatz & Romine and John F. Bell, Helena, Mont., for appellant.

Ward A. Shanahan, of Gough, Booth, Shanahan & Johnson, Helena, Mont., for appellee.

Before ELY and TRASK, Circuit Judges, and TALBOT SMITH, District Judge.[1]

PER CURIAM:

The appellant, plaintiff below (hereinafter Montana) is a Montana corporation. The appellee, defendant below (Oremont), is a corporation of the State of Washington. The amount in controversy exceeded the sum of $10,000; hence, the District Court's diversity jurisdiction was properly invoked.

Oremont succeeded to the interests of a predecessor corporation, acquiring the assets and incurring the liabilities with which the litigation is concerned. The assets included a mining property called the Crescent mine. Adjacent to that property was a mill owned by Montana and used for the purpose of concentrating ore produced in the vicinity. Oremont's predecessor had entered into a contract with Montana under which it had agreed, in effect, to operate the Crescent mine in conjunction with property owned by Montana, with the profits from the operation to be divided on a percentage basis.

In its suit, Montana, claiming that Oremont had breached the contract, sought damages for such breach and in addition, compensation for certain of its personal property that, according to its allegations, had been converted by Oremont. Montana also sought the recovery of a proportionate share of certain taxes that it had paid to state taxing authorities and for which it claimed that Oremont was partially responsible. The District Court sustained the latter claim but entered judgment against Montana on the claims for breach of contract and conversion.

In urging reversal, Montana urges that the District Court's critical factual determinations, from which its conclusions of law necessarily followed, were clearly erroneous. We do not agree. Oremont canceled its contract pursuant to section 22 of the contract, which provided:

"Oremont [2] reserves the right expressly granted by Montana to terminate this agreement and surrender Montana's property to Montana during the term hereof or renewal thereof at any time when in the opinion of Oremont the continuation of such work shall become economically unsound and impractical . . . ."

Montana undertook to prove that Oremont had never commenced operations under the contract and, for that reason, was not legally entitled to invoke the cancellation provision of section 22. Under the provisions of the contract as a whole, however, it is clear that Oremont was entitled to conduct "exploration," and it offered substantial testimony to the effect that it had conducted engineering studies and expended considerable funds in making a preliminary determination as to whether the contemplated joint operation would be "economically" sound and practical. Certain of the relevant evidence was conflicting, but that offered by Oremont, together with its inferences, was more than adequate to sustain the factual determinations made by the District Court; consequently, those determinations were not clearly erroneous.

On the issue of Oremont's alleged conversion of Montana's personal property, the District Court found that

---

1. The Honorable Talbot Smith, United States District Judge, of Michigan, Detroit Division, sitting by designation.

2. The corporate name of the appellee's predecessor was "Oremont, Inc.", also a Washington corporation.

Montana had not sustained its burden of proving its ownership of that particular personal property or damages wrongfully caused by Oremont. These findings, too, were supported by substantial evidence, and thus, we cannot disturb them.

The judgment of the District Court is affirmed.